United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Herederos de Roberto Gomez Cabrera, LLC, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-21630-Civ-Scola |
| Teck Resources Limited, Defendant. | ) ) | |

### Order on Defendant's Objections to Magistrate Judge's Ruling

This matter is before the Court on Defendant Teck Resources Limited's ("Teck") objections (Obj., ECF No. 62) to Magistrate Judge Edwin G. Torres' ruling (ECF No. 61) denying Teck's motions for sanctions under Rule 11 and attorney's fees under 28 U.S.C. § 1927. (ECF Nos. 42, 43). For the reasons below, the Court **adopts in part** Judge Torres' ruling (**ECF No. 62**) and **denies** Teck's Rule 11 motion (**ECF No. 42**) and its section 1927 motion (**ECF No. 43**).

1. **Background**

Plaintiff Herederos de Roberto Gomez Cabrera, LLC ("HRGC") filed this action against Teck pursuant to Title III of the Cuban Liberty and Democratic Solidarity Act, also known as the Helms-Burton Act. Although the law was passed in 1996, every President suspended Title III until 2019. Given the recency with which Title III claims became actionable, the case law concerning Title III can at best be described as emergent at this point in time.

The Court dismissed HRGC's suit without prejudice on April 27, 2021 (ECF No. 39) and subsequently denied HRGC's motion for reconsideration (ECF No. 40). Both orders are pending before the Eleventh Circuit on appeal. *See Herederos de Roberto Gomez Cabrera, LLC v. Teck Resources Ltd.*, Case No. 21-12834 (11th Cir. Aug, 18, 2021). Shortly after filing its motion for reconsideration, Teck filed the motions that are the subject of Judge Torres' order. The Court referred them to Judge Torres under 28 U.S.C. § 636(b)(1)(B), thus prompting this Court's review now. (ECF No. 60.) The Court construes Judge Torres' order to be a report and recommendation.

2. **Legal Standard**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which

objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989) (alterations omitted). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 Fed. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 Fed. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)).

### 3. Analysis

Teck objects to Judge Torres' ruling on several grounds. *First*, it says that Judge Torres erroneously issued an order in lieu of a report and recommendation. (Obj. 3.) That objection is mooted by this order, which construes Judge Torres' order as a report and recommendation. *Second*, Teck says the Defendant forfeited the procedural deficiency that forms part of the basis of Judge Torres' ruling on the Rule 11 motion and thus it was inappropriate for him to consider that deficiency. (*Id.*) *Third*, Teck says that its Rule 11 motion actually was not procedurally deficient. (*Id.*) *Fourth*, Teck takes issue with the notion that its as-filed Rule 11 motion is procedurally deficient because it is distinct from the Rule 11 motion draft it served upon the Defendant. (*Id.*) *Fifth*, Teck says Judge Torres overlooked HRGC's breach of candor in denying Teck's section 1927 motion, which breach is purportedly shown by HRGC's assertion of certain facts in its amended complaint that are "diametrically opposed" to those in the original complaint. (*Id.*)

The Court has conducted a *de novo* review of the matters raised in Teck's objections, which are well-taken by the Court. The Court nonetheless agrees with the outcome reached by Judge Torres for the reasons below.

### A. Rule 11 Motion

To avoid needless discussion, the Court adopts the following portion of Judge Torres' analysis concerning the Rule 11 motion, which the Court agrees with as a proper basis for denying Teck's Rule 11 motion and to which Teck has not objected:

> Upon review of the supporting record, and looking to the merits of

the competing arguments that were briefed on the Rule 11 motion, arguably the motion could be denied on the grounds that it was an improper attempt to convert a dispute over the legal arguments in Plaintiff's amended complaint into a sanctions dispute. It is well understood that a Rule 11 motion is not an avenue to seek judgment on the merits of a case. Instead, its purpose is to determine whether a party or attorney has abused the judicial process. *See Bigford v. BESM*, Inc., 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) ("'Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.'") (quoting *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 244 F.R.D. 70, 74 (D. Me. 2007) (denying Rule 11 motion without prejudice to its renewal "if and when [Defendant] obtains summary judgment") (citations omitted)); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417-21 (S.D.N.Y. 2003) (discussing that Rule 11 sanctions are not a substitute for motions for summary judgment).

As the plain language of Rule 11 indicates, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that a court document "is not being presented for an improper purpose", "the claims, defenses, and other legal contentions are warranted by existing law," and the "factual contentions have evidentiary support . . . ." Fed. R. Civ. Pro. 11(b). If that turns out to not be the case, sanctions relief could then be appropriate.

Here, Teck's motion is largely grounded on the second element of this test; namely, that Plaintiff's case for trying to assert jurisdiction over Teck, and then asserting a Helms-Burton claim against Teck that Plaintiff has no standing to raise, is not warranted by existing law. But just by analyzing Teck's arguments in both the motion to dismiss before this Court and its appellate position now before the Court of Appeals, one thing is crystal clear. There is no definitive appellate case that expressly holds that the type of jurisdictional claim here in Helms-Burton litigation is foreclosed as a matter of law.

Teck concedes that, for instance, one district court case found general jurisdiction based on similar contacts as Plaintiff alleges here. *See, e.g., Barriere v. Juluca*, 2014 WL 652831, at *9 (S.D. Fla. Feb. 19, 2014) (holding that general jurisdiction under Florida law was met where the defendant was a foreign corporation managing a hotel in Anguilla

> and using sales agents in Florida). Teck argues, however, that this case got the general jurisdiction analysis wrong, in contrast to the district court case that Teck does extensively rely upon in finding no specific jurisdiction in a case like this. *See Del Valle v. Trivago GmbH*, 2020 WL 2733729, at *3 (S.D. Fla. May 26, 2020), *appeal docketed*, No. 20-12407 (11th Cir. June 24, 2020).
>
> Regardless of the ultimate outcome, however, our review of the jurisdictional issue does not reveal any clear, definitive, and fatal caselaw that Plaintiff ignored or cast aside in pressing its jurisdictional theory (as unpersuasive as it was here and may ultimately be on appeal). The same holds true for the Helms-Burton standing arguments that Teck successfully pursued. As Teck has acknowledged, a district court decision from 2019 arguably supports Plaintiff's theory that an assignee of the heirs of the founding shareholder in a Cuban corporation had standing to pursue the claim. *See Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281 (S.D. Fla. 2019). Teck naturally argues that this decision's analysis was wrong and that the Eleventh Circuit should not follow it. But the decision highlights the underlying problem with this sanctions motion: it blusteringly alleges that Plaintiff lacked any legal foundation, yet at the same time it has to discount several district court decisions that came out the other way. That is not what a Rule 11 motion should be based upon.
>
> The bottom line is that there are few definitive principles that are firmly established in the world of Helms-Burton litigation. As a result, the strike zone that a court reviewing a Rule 11 argument must grant to the attorney in question must be broad enough to allow for creative legal argument. And when one's position is grounded primarily in district court cases as Teck's is, that presents opportunity for a lawyer to persuade a court of appeals, the body responsible for setting forth definitive legal principles in a circuit, to go one way or another. That too is not fodder for a Rule 11 motion.

(ECF No. 61, 14-16.)

Teck argues that Rule 11(b)(3) warrants the application of sanctions because HRGC "did not investigate the legal bases of their claim before filing, nor did they withdraw it once put on notice of its frivolous nature." (ECF No. 54, 5.) As proof of this, Teck cites to HRGC's failure to plead factors such as Mr. Gomez Cabrera's citizenship or the date in which the claim to the property was obtained. (*Id.* 6-7.) Teck also argues that sanctions under Rule 11(b)(1) are appropriate because HRGC filed a "baseless" complaint to pressure Teck into

an unjustified settlement payment. (*Id.* 9.) Like the points discussed by Judge Torres, these also turn on Teck's frustration with HRGC's decision to sue and the manner in which HRGC chose to litigate—none of which can be considered sanctionable for the very reasons Judge Torres cites. Again, "[t]he bottom line is that there are few definitive principles that are firmly established in the world of Helms-Burton litigation," (ECF No. 61, 16), making it difficult for HRGC's suit to be sanctionable under Rule 11. As such, the Court denies the Rule 11 motion on these grounds.

### B. Objection to the Section 1927 Motion

As to the section 1927 motion, Teck asserts that Judge Torres overlooked HRGC's counsel breach of candor to the Court when counsel attached a proposed second amended complaint that contained claims "directly contradict[ing] the allegations in the two prior pleadings." (Obj. 14.) This, Teck says, goes directly to the bad faith and vexatiousness analysis under section 1927. (*Id.*) The "direct contradiction" Teck cites stems from the proposed second amended complaint, where HRGC indicated that it was a "trustee" of the subject property's heirs whereas in the prior pleadings HRGC represented that it was the "holder of all right, title to, and interest in the claims[.]" (*Id.*)

The Court finds this argument unavailing. Section 1927 requires an attorney to "multipl[y] the proceedings" of a case "unreasonably and vexatiously." 28 U.S.C. § 1927. The modifications proposed by the second amended complaint (*see, e.g.*, ECF No. 40-1) are not sufficiently significant to move the needle on Judge Torres' sound findings in respect of the section 1927 motion. (ECF No. 61, 23-26.) Accordingly, the Court adopts Judge Torres' analysis of the section 1927 motion (*id.*) and agrees that the section 1927 motion is to be denied.

### 4. Conclusion

In sum, the Court and **adopts in part** Judge Torres' ruling (**ECF No. 62**) as specified above. Teck's Rule 11 motion (**ECF No. 42**) and its section 1927 motion (**ECF No. 43**) are **denied**.

**Done and ordered** at Miami, Florida on June 1, 2022.

_____
Robert N. Scola, Jr.
United States District Judge